W. WATT, ADM'R, &c. v. W. R. DOWNS, EX'R, &c.

1. When an incumbrance on property of an estate is discharged by the incumbrancer bidding off the property, and the bid being applied to his claim, the personal representative of the estate is not entitled to the statutory commissions on the amount, as though he had received and paid it out in cash.   (Paschal's Digest, Article 1340 ; James v. Corker, 30 Texas, 617.)
2. Extravagant counsel fees should not be allowed an executor for litigious resistance of an obviously just demand against the estate he represents.

APPEAL from Harrison.   Tried below before J. W. Pope, Esq., special judge.

This case was a sequel to that of Watt v. White and others, reported in 33 Texas, 421, in which a history of the litigation will be found.   The present opinion sufficiently indicates the new features involved in the disposition now made of the matter.

*H. McKay*, for the appellant.

*George Lane*, for the appellee.

WALKER, J.   The appellant, as the administrator of John Cuthbertson's estate, held a claim against the estate of William Coyle, deceased.   William R. Downs is the executor of Coyle's will.   The claim was secured by vendor's lien.   White, Smith & Baldwin set up a vendor's lien to the same property.   The appellant intervened in the case of White, Smith & Baldwin, and, after an appeal to this court, succeeded in postponing the lien of White, Smith & Baldwin to his own, and finally obtained an order for the sale of the land.   The land was sold, and the appellant purchased the same, excepting two lots sold to other parties.   The amount bid by appellant for the land was several hundred dollars less than the amount of his judgment.

The lot sold to other parties brought about four hundred dollars, and this, it seems, is all that remains in the hands of appellee

as assets of the estate of Coyle, and which he represents to the court as insufficient to pay the costs and expenses of administration; and among the costs of administration he claims commission on appellant's judgment, so far as the same has been paid by the purchase of the lands.

The appellee is not entitled to the commission claimed. (See James v. Corker, 30 Texas, 617.)

The District Court ordered the appellant to pay over the sum of six hundred dollars to the appellee for the purpose of meeting the expenses of administration.

We do not think there was any sufficient showing made by the appellee to entitle him to this allowance. There is, however, no statement of facts accompanying the record, from which we can certainly arrive at the showing which was made by the appellee; but there is nothing to convince us that four hundred dollars was not a sufficient allowance to pay all legitimate and proper expenses of administration.

There has been a tedious and vexatious delay forced upon the appellant, in establishing a very plain right, and if the appellee has employed attorneys to carry on this tedious and harassing delay, he should not be allowed to pay them what might be termed extravagant fees out of the estate he represents, which appears at best to be insolvent.

We make no apology for these suggestions, as the matter comes before us on the briefs of counsel. We think the appellant should be allowed to retain the full amount of the purchase-money, for the benefit of the estate he represents, and that the same should be credited on the judgment he holds against the appellee, and that the appellee should be ordered to make a deed for the land so purchased, to the appellant.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.