# WILKINSON *v.* HUNTER.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Burden of proof on question of diligence or negligence by administrator.* On final settlement of an administrator's accounts, it being shown that a decree was rendered by the probate court in his favor, ordering his predecessor in the administration to deliver up to him certain choses in action belonging to the estate, the *onus* is on him to prove

due diligence in enforcing the delivery of such choses in action; but, whether he negligently failed to procure the delivery, or failed to collect them after obtaining the possession, the *onus* is on his successor to prove the amount which, by the use of proper diligence, he might have collected.

2. *Liability of administrator for negligence, and proof thereof.*—An administrator is chargeable, on final settlement of his accounts, not with the nominal amount of certain choses in action belonging to the estate, which his predecessor in the administration was ordered to deliver up to him, but with the amount in money which, by the exercise of due diligence, he might have collected on them ; he cannot be charged with the amount of an account on a third person, one of such choses in action, merely on proof of the solvency of the debtor ; nor with the amount of a decree rendered by the probate court in favor of his predecessor, against a preceding administrator, without proof of the solvency of the defendant in said decree or his sureties; nor with the amount of a judgment rendered in favor of his predecessor, on proof that one of the defendants therein was in possession of a tract of land, the value of which is not shown, and that the other defendant removed from this State before he became administrator, and afterwards returned and sold a tract of land.

APPEAL from the Probate Court of Chambers.

IN the matter of the estate of Bailey C. Newman, deceased, on final settlement of the accounts of Henry L. Wilkinson, administrator *de bonis non*, to which he was cited by William H. Hunter, his successor in the administration. Wilkinson appeared, in answer to the citation, alleged that no assets belonging to the estate had come to his hands, and moved to be discharged. Hunter contested this return, and moved the court to charge said Wilkinson with the following sums : "1st, the amount of a decree rendered by said probate court of Chambers, on the 13th August, 1855, in favor of said Wilkinson, against William Davis, former sheriff, and *ex officio* administrator *de bonis non* of said estate, for certain notes, accounts, and receipts, therein mentioned, and also certain moneys therein mentioned, which, by said decree, were required to be paid and turned over to said Wilkinson ; 2d, with the balance due on a judgment, rendered by the circuit court of said county, on the 24th March, 1854, in favor of said Davis, administrator, &c., against W. W. Boazman, F. T. Boaz-

man, and John L. Garrett, for $230, (credited with $73 on the 4th August, 1854, and with $20 on the 1st September, 1854,) which could have been collected by the use of proper diligence ; and, 3d, with the amount shown to be in the hands of said Davis, former administrator, &c., as shown by the decree of final settlement, rendered by said probate court on the 13th August, 1855, with interest thereon, which could have been collected by the use of proper diligence."

" The proof was," so the bill of exception states, " that the plaintiff (Wilkinson) was appointed administrator of said estate on the 12th of March, 1855 ; and that his term of office as sheriff had expired before his return in this case. The defendant (Hunter) offered in evidence the whole record of the administration of said William Davis, showing the return filed by him for final settlement, and the several orders and decrees of the court thereon, which are in the following words." (In his return said Davis charged himself with the amount of a decree, rendered by said probate court, in his favor, on the 14th March, 1854, against Elizabeth Baker, as the administrator of her deceased husband, M. G. Baker, who was the predecessor of said Davis in the administration of said Newman's estate, for $98 29; also, with the sum of $93, collected on the judgment in his favor against W. W. Boazman, F. T. Boazman, and John L. Garrett; which is above described ; also, with an account against Thomas Cobb, for $6 75, two accounts against William Leverett, together amounting to $14 50, and several other accounts, notes, and attorneys' receipts, which require no particular notice. On final settlement of his accounts and vouchers, after due publication and notice, the court rendered a decree against said Davis, which,—after reciting that no objections have been made to his account ; that the assets in his hands " are in notes, accounts, and receipts, on various individuals, amounting in the aggregate to the sum of $610 60," and that he is entitled to retain $25, commissions and attorney's fee,—orders him to deliver over to Wilkinson, his successor, " all said notes, accounts, receipts,

and judgments due said estate.") "The plaintiff objected to each part of this evidence; the court overruled his objection, and admitted the evidence; and the plaintiff excepted."

"The defendant also read in evidence, against the plaintiff's objections, the record of the suit against W. W. Boazman, F. T. Boazman, and John L. Garrett, and the note on which said suit was founded;" showing the rendition of the judgment, and the partial payments under execution, as above stated; and the plaintiff reserved exceptions to the admission of this evidence. "The proof was, that said W. W. Boazman was insolvent; that said F. T. Boazman was in possession of a piece of land after plaintiff was appointed administrator of said estate; (but the witness did not know whether or not he owned said land; nor was its value proved, nor the quantity of acres it contained;) that the said Boazman had removed to Russell county, and was keeping a family grocery near Opelika; that he was a man of family; that one witness sold him goods, and regarded him as honest, but did not think that the whole of said judgment could have been collected out of him by legal process. It was proved, also, that John L. Garrett removed from this State, with his property, before the rendition of said judgment, and before the plaintiff's appointment as administrator of said estate; that he resided in Louisiana, and was solvent, and good for this debt; that he returned to Chambers county, on a visit, in 1857–8, and, while there, sold a lot of land in said county for fifty dollars. There was proof, also, of the solvency of Thomas Cobb and William Leverett; and that a decree was rendered by said probate court, on the 13th of March, 1854, in favor of said Davis, administrator, &c., against Elizabeth Baker, as administratrix of M. G. Baker, deceased, (who was the former administrator of said Bailey C. Newman,) on final settlement of said M. G. Baker's administration on said estate, in favor of said Davis, as administrator, &c., for the sum of $98 20,—for which sum, by said decree, execution was ordered to issue."

" This being all the evidence in the case, the probate court thereupon rendered a decree against the plaintiff, in favor of the defendant, for the sum of $667 64;" to which the plaintiff excepted, and which, with the several rulings of the court on the evidence, he now assigns as error.

BROCK & BARNES, for appellant.
RICHARDS & FALKNER, *contra.*

A. J. WALKER, C. J.—We assume, that the failure of the appellant to obtain a different decree against Davis, more favorable to the estate which he represented, was not the result of any fraud or negligence on his part, for the record does not authorize us to impute either to him. When the decree was rendered in his favor, it was his duty to demand from his predecessor the evidences of debt ordered to be delivered to him, and, upon a refusal of his demand, to proceed to obtain the enforcement of the decree. It being shown that the decree for the delivery of the choses in action was rendered in his favor, the *onus* was upon him to prove that he had used due diligence to obtain their delivery; and as he failed to prove, in the court below, that he had made an effort to procure such delivery, or that he could not have procured such delivery by the use of diligence, it was proper for the court below to hold him guilty of negligence, in failing to obtain possession of the choses in action. But, whether he was guilty of negligence, in failing to obtain delivery of the choses in action, or obtained possession of them, and then failed to collect them, he would only be responsible for money to the amount which, in the exercise of due diligence, he could have collected upon them. The court should have inquired, therefore, to what amount the choses in action could have been collected by him, if he had exercised proper diligence in an effort to make such collection. As to that inquiry, the *onus* of proof was on the appellee ; for the law could not presume, that choses in action, not resulting from sales of property made by the appellant, but coming to him from

the hands of his predecessor, were capable of collection. The correctness, therefore, of the decree rendered against the appellant, depends upon the question, whether the evidence justified the conclusion, that, by the exercise of proper diligence, he could have realized from the choses in action, which his predecessor was ordered to deliver to him, the amount with which he was charged.

Among the choses in action directed to be delivered to the appellant, there were three accounts—one on Thomas Cobb, and two on William Leverett—as to which there was no proof, except that Cobb and Leverett were solvent. This evidence was not sufficient, of itself, to authorize the charging of the appellant with the amount of those accounts. The accounts were not *prima-facie* evidence of indebtedness; and the administrator could not be chargeable with the amount of them, in the absence of evidence that they were debts susceptible of enforcement in courts of justice. There were several other accounts, and receipts for accounts, as to which there was no proof whatever; and with these, upon the evidence before the court, the appellant was not chargeable.

The proof did not justify the charging of the appellant with the amount of the decree against Elizabeth Baker, because there was nothing which authorized the inference, that the defendant in that decree, or the sureties liable therefor, were solvent after the appellant became administrator.

The proof before the probate court did not authorize that court to charge the appellant with the amount of the judgment against W. W. Boazman, F. T. Boazman, and John L. Garrett. Conceding that F. T. Boazman's possession of a tract of land raised the presumption that the land belonged to him; yet the value of the land was not shown; and it could not be inferred, therefore, that either the entire judgment, or any specified part, could have been collected out of the land. Whether, in the attitude of the case made by the proof, the *onus* as to the exemption of the land from execution was upon the one party or the other

18

we do not decide. If, upon a future trial, it should appear that Boazman really owned a tract of land, the parties can easily settle the question, whether the land was exempt from execution, by introducing testimony on the point. The mere fact that Garrett, one of the defendants in the judgment, returned from Louisiana, and sold a lot of land for fifty dollars, did not show that the appellant could, by the use of proper diligence, have subjected the land to the payment of the judgment. Garrett was not in the possession of the land, so as to afford notice of his proprietorship; and it cannot be presumed that the appellant was guilty of negligence, in failing to discover the ownership of the land, when there was no visible indication of the fact. We mention, without comment, the fact that the proof leaves to conjecture the important question, whether Garrett had such a title to the land as was subject to sale under execution; and that it also leaves room for speculation, as to whether he sold the land for himself, or for another.

The principles above laid down, as to the claims which have been specially considered, will be sufficient to govern the probate court in passing upon the other items.

The judgment is reversed, and the cause remanded.