FEAGAN ET AL., ADM'RS, vs. KENDALL.

[CONTEST OF INSOLVENCY OF ESTATE IN PROBATE COURT.]

1. *Administrator ; duty of, on petition to declare estate insolvent.*—An administrator, who applies to have the estate which he represents declared insolvent, should file in the office of the probate judge of the proper county, in the case of his administration, a report in writing, "that such estate is, to the best of his knowledge and belief, insolvent."

2. *Same.*—And with such report, he should also file the three statements in writing, required by section 2197 of the Revised Code. And this report and statements should be accompanied by the administrator's affidavit, that the same are "correct, to the best of his knowledge, information and belief."

3. *Estate ; when can not be declared insolvent.*—An estate can not be declared insolvent, so long as the available assets are greater in amount than the unpaid outstanding claims against the estate.

4. *Administrator ; duty of.*—It is the duty of an administrator to receive the assets of the estate, collect the debts owing the estate, pay the claims against it, in the order of their preference, and the residue, if any, distribute among the persons entitled to it, according to law. If an administrator proceeds out of this order, he does so at his own peril.

5. *Same.*—It is the duty of the administrator to proceed, as soon as he reasonably can, to collect the debts of the deceased. If they are lost by his unreasonable delay, he will be responsible for such loss. And a debt which could have been collected by due diligence will be reckoned as assets, upon an application to have the estate declared insolvent.

6. *Refusal to declare insolvent ; when no bar to second application.*—The judgment on one application to have an estate declared insolvent, is no bar to a second application upon a different state of facts.

APPEAL from the Probate Court of Covington.
Tried before the Hon. THOS. P. COTTLE.

PETERS, J.—At a regular term of the probate court of Covington county, in this State, on the second Monday in March, 1867, the application of Josiah Jones and Samuel P. Feagan, the administrators of the estate of Samuel P. Feagan, deceased, to have the estate of said deceased declared insolvent, came on to be heard, when Kennard Kendall, one of the creditors of said estate, made issue in due

form of law, denying that said estate is insolvent. It seems that a trial of this issue by a jury was waived by the parties, and it was tried by the court, without the intervention of a jury.

On this trial, the facts of the case, as we gather them from the bill of exceptions, and a very imperfect record, were these, namely : On the 29th day of March, 1859, the said administrators, under an order of the probate court of said county of Covington, sold the real and personal property, except the slaves, of said estate of said Samuel P. Feagan, deceased, for the sum of twenty-seven thousand, eight hundred and seventy-six dollars and seventy cents, ($27,876 70); that the said administrators paid off claims against said estate amounting to twenty-five thousand, eight hundred and seventy-three dollars and sixty cents, ($25,-873 60), "including court fees and commissions, leaving a balance in their hands of $2,003 10; that, on the 27th day of November, 1860, said administrators, under an order of said probate court, made distribution of the slaves belonging to said estate to those persons entitled to the same; that said slaves were appraised at the sum of fifty-seven thousand and five dollars; that at the time said distribution of said slaves took place, said administrators took from each of said distributees " refunding bonds, as the law requires in such cases;" that on the second Monday in March, 1861, the said administrators proceeded "to make a partial settlement with the court, and then and there made division and partial settlement among the heirs and distributees of all the assets of said estate, then in their hands, except a note of the amount of four thousand dollars, and interest thereon, against William Judge, with a mortgage on about six hundred acres of land, with a steam saw-mill thereon, to secure the payment of said note, which note was retained by said administrators for the purpose of paying the balance of outstanding claims against said estate, of about the amount of thirty-seven hundred dollars, which remained not paid " at the date " of said settlement;" that the said steam saw-mill, on said mortgaged lands, was burned down during the late war.

Upon this " statement of facts," the court was asked to

decree said estate insolvent, for the following reasons, viz: "1st. That through and by the effects of the war the slaves were set free; thereby the refunding bonds had become void, and could not be sued on. 2d. That the burning of the steam saw-mill by the yankees had depreciated the value of the land, the only security to the note, so that the land could not and would not sell for enough to pay the claims against the estate." This the court refused, and the administrators excepted, and appeal to this court.

In proceedings of this kind, the statute requires, that when an administrator of any estate is satisfied that the property of the estate is insufficient to pay its debts, he must file with the court having jurisdiction of the estate a report in writing, that such estate is, to the best of his knowledge and belief, insolvent; and also file with said report, certain statements, also in writing, of the personal property and assets belonging to said estate, and the estimated value of the same; also, another statement of the real property of said estate, and the estimated value thereof; and, also, a full statement of all claims against the estate, which have come to his knowledge; each of these three statements containing such additional particulars as are named in the statute, and which are not now necessary here to be enumerated. This report and statements must be accompanied by affidavit of the administrator, that the same are correct, to the best of the administrator's knowledge and belief. Notice of this proceeding is then required to be given by the court to the creditors of the estate, and a time is appointed to hear and determine the matters arising on this report. But any creditor of the estate may contest such report, by making an issue as to its correctness, by denying, in writing, that the estate is insolvent. Any of the creditors, or all, may join in this issue, and it must be tried by a jury, on the application of either party. If the issue is decided against the administrator, the report must be dismissed, and the administrator and his securities taxed with the costs, for which execution may issue. If, on the other hand, the issue is decided in favor of the administrator, the estate must be declared insolvent, and the contesting creditor or creditors must pay the costs, or

they may be paid out of the assets of the estate, as the court shall direct.—Revised Code, §§ 2178 to 2187.

In this case, it does not appear that these formalities were very strictly complied with. At least, the evidence of such compliance is not shown by the record. There is no report, no statements, and no issue found in the record ; but simply a declaration in the recitals of the judgment of the probate court, that they existed. But as no objection seems to have been interposed to such irregularities in the court below, if they existed in that court, and no such objection is raised in the assignment of errors, no further notice will be taken of them here.

The assignment of errors in this court are but two : " 1st. That the court decreed the estate of Feagan to be solvent on the facts stated. 2d. That the court did not declare said estate insolvent." These raise the same issue, but in different words.

No question is raised on the record by these assignments, except a question as to the force and value of the facts given in the bill of exceptions already recited ; and none will be considered in this opinion, because all questions sought to be reviewed and corrected in this tribunal must be distinctly stated in an assignment of error, and insisted on in argument ; or they will be considered by the court to have been waived and abandoned. Such is the practice of this court.—Rule of Practice No. 1, Revised Code, p. 816 ; Shepherd's Digest, p. 565, § 37 ; *Waller v. Saltzbacher & Paige*, 38 Ala. 38.

An administrator is bound to use proper diligence to collect the debts due and owing to the estate he represents, and if he fails to do so, when he could have collected them, under ordinary circumstances, he is chargeable with the amount of the debt thus lost. It is assets in his hands, and must be reckoned as such in considering the question of the solvency or insolvency of the estate. After collecting the debts owing to the deceased, it is the duty of the administrator, if the estate is solvent, first to pay the claims against the estate in the order required by law ; that is, the preferred claims must be first paid in the order of their precedence, then the other claims against the es-

Feagan et al., Adm'rs, v. Kendall.

tate as they become due and are presented. And after these claims are all paid, then the residue of the estate which remains in the hands of the administrator, he is bound to distribute and pay over to those persons who are entitled to the same, in the manner required by law. In *Willis' Adm'r v. Willis' Heirs*, Mr. Justice ORMOND says: "The duty of the administrator was to receive the assets of the estate, pay the debts of the deceased, and to pay over the residue, if any, to those entitled to it."—9 Ala. 334. If, however, the administrator disregards the order in which the law requires him to conduct the estate, and pays over to the distributee what is esteemed his portion, before the debts are paid, he is not thereby discharged from accounting for the property thus distributed, but he is liable to be charged with the same, to the amount, at least, of the outstanding claims against the deceased yet remaining unpaid.—*Oglesby v. Howard*, January Term, 1859 ; *Willis' Adm'r v. Willis' Heirs*, 9 Ala. 330, 334.

The admitted facts here show that the administrators had in their hands two thousand and three dollars and ten cents, the residue of the proceeds of the sale made on the 29th March, 1857, and the debt by note on William Judge for four thousand dollars, which is not shown by any proofs to have been incapable of collection or insolvent. These two amounts make the sum of six thousand and three dollars and ten cents, besides interest. The claims against the deceased remaining unpaid are admitted to be about three thousand, seven hundred and fifty dollars, thus showing that the assets are much greater than the debts of the deceased remaining unpaid. The estate could not, then, be declared insolvent, because insolvency means an insufficiency of assets in the hands of the administrator to pay the debts of the deceased. If the assets exceed in value the amount of the claims against the deceased, then the estate can not be declared insolvent. Such is the case here. There was no error, then, in the judgment of the court below of which the appellants have any cause to complain. But as insolvency may occur in any stage of the administration of an estate, the judgment on this application is no bar to a second application, to have said es-

tate declared insolvent, upon a different state of facts, which would justify such application.

The judgment of the probate court is therefore affirmed, at the costs of the appellants and their surety on their appeal bond.