# Walker *v.* Tyson.

*Appeal from Order dissolving Injunction.*

1. *Answer; when disregarded.* — The appellate court, in reviewing an order dissolving an injunction, will not notice the denials of the answer, couched in language like the following: "Defendant denies the truth of the first eight and a half lines of paragraph two of the bill," and also "the truth of the first sixteen lines of section four of the bill," and the like.

2. *Bill; how construed.* — An averment of the bill that an estate, of which a party was the administrator, "is wholly insolvent" will be construed to mean that the estate has been duly reported and declared insolvent, if such construction militates against the complainant, or is necessary to uphold the chancellor's decree.

3. *Administrator of insolvent estate; authority of.* — The administrator of an insolvent estate has no authority to agree to receive a note made by his intestate, to a third person, in payment of, or as a set-off against, the price of property of the estate which he, as administrator, was selling.

4. *Set-off, bill to enforce; when without equity.* — A bill filed by the holder of a debt due from the intestate to obtain the benefit of a set-off in equity against a debt due the administrator of an insolvent estate, is without equity unless it shows that such debt has been duly filed and proved against the insolvent estate within nine months after the declaration of insolvency.

5. *Same.* — A surety cannot come into equity to enjoin the execution against him merely because the sheriff refuses to make the money out of the principal, although sufficient property, which he is "fast making away with," has been pointed out to the sheriff. There is an adequate remedy at law.

6. *Same.* — The fact that an administrator, to whom a note was due, knew or connived at the purpose of the principal not to defend the suit, with the view that the surety, who depended on the principal to make defence, would thereby be misled and fail to appear, is not such an excuse for the failure to defend at law as will enable the surety to come into equity to enjoin the judgment; especially is this the case when the surety has been once deceived by the principal as to the debt's having been paid.

APPEAL from Chancery Court of Lowndes. Heard before Hon. HURIOSCO AUSTILL. The opinion states the case.

GIRARD COOKE and D. S. TROY, for appellant.

STONE & CLOPTON, *contra.*

MANNING, J. — The motion to dissolve the injunction in this cause against execution of a judgment at law was made before the chancellor in vacation, upon grounds (first) that

[Walker v. Tyson.]

there was no equity in the bill; (secondly) upon the denials in the answer.

We cannot regard what purports to be the answer of Tyson as administrator. It is largely composed of such sentences as the following: "Defendant, on information which he believes to be true, denies the truth of the first 8½ lines of section 3 of said bill;" "Defendant denies the truth of the first sixteen lines of section 4 of said bill;" "That portion of said section 4, beginning in the middle of line twenty-two and extending to the end of said section, defendant has no knowlege of," &c. The lines referred to may be those of the original bill on file; perhaps those in a copy obtained from the register. They are certainly not the lines in the transcript sent to this court. We, therefore, cannot know, and have not time to employ in trying to find out, what parts of the bill are intended to be answered in the manner above set forth. Nor was it the duty, or perhaps the right of the register to undertake to enlighten us on the subject, otherwise than by sending a correct copy of the originals on file. We shall consider this cause as if there were no answer of the administrator Tyson on file.

Complainant in the bill sets forth that one George N. Nesmith, Jr., at the sale of property of the estate of his father in 1870, purchased a saw-mill and its fixtures, and the timber trees of a large tract of land on which it was situated, for which Nesmith, Jr., and complainant as surety for Nesmith, made to the administrator (defendant Tyson) their promissory note, on which Tyson, in the spring of 1874, had obtained a judgment at law against Nesmith and complainant Walker by default, for $799$\frac{31}{100}$ and costs. The bill further sets forth, that the mill and timber trees had been previously bought by Tyson's intestate, Nesmith, deceased, of one Arrington, to whom deceased executed his note therefor for $972$\frac{78}{100}$, which had not been paid at the time of the administrator's sale of the property; that at the time of this sale, as complainant (Walker) is informed and believes, there was an understanding and agreement between the administrator and Nesmith the younger, that the latter should take up the note of the deceased to Arrington, and it should be allowed and received by Tyson the administrator "in payment for and as a set-off against" the price Nesmith, Jr., was to pay to him for the same property; that after the sale there was a like agreement between them on the same subject, in accordance with which, Nesmith, Jr., had taken up said note, "and the same was duly presented and made known to said administrator" about three years before the action at law was brought in which judgment had been obtained against Nesmith and complainant,

and that Nesmith had told the latter, before the suit was brought, that the debt had been paid.

The bill further alleges that when the suit was brought, complainant (Walker) called upon and inquired of Nesmith why this was done, and was assured by the latter that he would defend the suit, and set off the Arrington note, and complainant need not have any uneasiness on the subject; that relying on these assurances, complainant did not defend the suit, and was deceived by Nesmith, who suffered judgment to go by default against them both; and on information and belief complainant charges that Tyson was aware of the deception and fraud practised by Nesmith against complainant, and connived at the same with Nesmith; and that the taking of the judgment by Tyson, regardless of his agreement to receive the Arrington note as a set-off or in payment, and knowing that the same was in the hands of Nesmith, was a fraud upon complainant.

The bill further alleges that after judgment an execution thereupon was levied on property of Nesmith sufficient for the payment thereof, which was afterwards released by the sheriff without consent of complainant, or any good reason or legal excuse therefor, although the sheriff knew that complainant was the surety only for Nesmith in the transaction; and upon information and belief complainant charges that said acts of the sheriff "were done with the full knowledge and without any objection on the part of said John A. Tyson, the plaintiff in said suit." It is further alleged that since the release of said property the sheriff has failed and refused to make any further seizure or levy of the property of Nesmith, though often urged by orator to do so; and that Tyson fails and neglects to have the same done; that Nesmith at the time of the judgment and execution had ample means and property to satisfy the same, and subject thereto, and has now, but has been and is engaged, as orator is informed and believes, in removing and secreting or disposing of the same; that the conduct of said sheriff and of Tyson "operates a serious injury and fraud upon the rights of orator;" that the sheriff has levied on and advertised for sale property of orator to satisfy the execution on said judgment; that orator is advised that the Arrington note having been given by deceased for the same property sold by his administrator to Nesmith, Jr., is, under the agreement made as aforesaid between them, a good set-off in equity against said judgment, but could not have been pleaded at law; and that "the said estate of Geo. M. Nesmith, deceased, is wholly insolvent."

Wherefore, complainant prays that Nesmith, Jr., the sheriff Bryan, and Tyson the administrator be made parties defend-

[Walker v. Tyson.]

ant; and for an injunction against the execution of the judgment, and "for all general relief to which orator may be entitled under the averments of the bill."

The bill of complaint must be taken most strongly against complainant. A person undertaking to make out a good case or defence is presumed to frame the averments as favorably for his side as the facts will permit.

It is alleged that the estate of which Tyson is administrator "is wholly insolvent." The administrator being appointed by law, and required to give bond with sureties for the faithful discharge of his important duties, it must be understood, since the law requires him to do so and the bill is silent on the subject, that he has reported the estate insolvent. When he did so, or when it proved to be insolvent, or when Tyson became administrator, is not shown.

But as administrator of an estate "wholly insolvent," it was his plain duty to get in the assets, convert them into money, and have this ready for distribution *pro rata* among the creditors, who themselves would have the right to contest with one another the validity of their respective claims. Tyson, therefore, could not lawfully agree to receive the note made by his intestate to Arrington, "in payment of," or "as a set-off against" the price of property of the estate which he as administrator was selling. And a court of equity would not interpose to compel him to do what would be a breach of trust.

Indeed it does not appear from the bill that the Arrington note is a valid claim against the estate. To make it so, it must have been filed, accompanied by an affidavit of its correctness, as a claim against the estate, within nine months after it was reported insolvent; otherwise it is forever barred. Rev. Code, § 2196. Without this it could not be used as a set-off even against a debt that the holder of it owed to the deceased at the time of his death, when the two claims constituted mutual debts between the parties. *Bell's Adm'r* v. *Andrews*, 34 Ala. 538.

It is not pretended by complainant that he was induced to sign, as surety for Nesmith, the note given by the latter to Tyson by any representations or promises made by Tyson to him, or of which he had been told before he signed the note. "On information and belief," he alleges that the understanding and agreement about the Arrington note was made between Nesmith and Tyson. He seems never to have interchanged a word on the subject with Tyson himself, either before or after the judgment. Whatever deception or fraud was practised on complainant is chargeable not against Tyson the administrator and creditor, but against Nesmith. True it is alleged on information and belief, that Tyson "was aware of the deception

[Hendon v. White.]

and fraud practised, and then being practised by said Nesmith on orator, and that he connived at the same with said Nesmith, knowing that orator would thus be induced to stay away from said trial, and that said Nesmith would not make defence," &c. Being aware of, and conniving at, the acts of another do not constitute a conspiring or collusion with that other, and nothing in the relation between the administrator and the surety for a debt due to the administrator imposes the duty on the latter of doing anything to encourage the surety or the principal to resist the payment of the debt. And since complainant shows that Nesmith had deceived him before in reference to the debt being paid, his trust in Nesmith to make the defence, if he had one, at law, constitutes no such excuse as a court of equity can recognize as valid, for his not doing so himself. He does not pretend that the creditor Tyson said or did anything which prevented him from defending the suit.

If it be true, as complainant alleges, that defendant Nesmith had ample means and property for the payment of the judgment and execution, section 2862 of the Revised Code provides a mode by which complainant might have coerced the sheriff to levy thereupon instead of upon complainant's property, or subjected the sheriff and his sureties to responsibility to complainant in damages. But under the allegations of the bill complainant is not entitled to an injunction against Tyson to prevent satisfaction of the judgment and execution in his favor as administrator of an insolvent estate.

The order of the chancellor is affirmed with costs.