L. P. HUDDLESTON, ADMINISTRATOR, V. H. KEMPNER.

No. 500.

1. **Appeal by Administrator Without Bond.**

An administrator may appeal to the District Court without bond from an order of the County Court denying him his statutory commissions. Such appeal is concerning his official acts ................................. 373

2. **Commissions in Administration.**

Article 2190, Revised Statutes, allows the administrator 5 per cent upon all money actually received, and the same upon money paid out. An administrator upon making a sale under foreclosure proceedings against lands of the estate is entitled to these commissions, although the amount of the bid was not paid by the creditor who bought the property at less than his judgment, but credited upon the judgment .............................. 373

3. **Same—Cases Overruled.**

James v. Corker, 30 Texas. 617, and Watt v. Downs, 46 Texas, 116, overruled in respect to commissions of an administrator making sale under foreclosure decree when the purchase money is not actually paid by the purchaser, who is the judgment creditor ........................................... 374

APPLICATION for writ of error to Court of Civil Appeals for First District, in an appeal from Anderson County.

*J. R. Burnet,* for application.

BROWN, ASSOCIATE JUSTICE.—H. Kempner owned a claim against the estate of F. M. Huddleston, deceased, L. P. Huddleston being the administrator. The claim was allowed, and a mortgage which existed upon certain real estate to secure the debt was ordered foreclosed and

the land directed to be sold for the payment of the claim, the sale to be for cash. At the sale Kempner was the purchaser of the land at a sum less than the debt secured, and upon confirmation of the sale the administrator tendered a deed demanding the payment of the costs of the court and 5 per cent commissions upon the amount of the bid of Kempner, which Kempner refused to pay, claiming that because the administrator did not receive the money he was not entitled to commissions.

The County Court made an order directing the administrator to make and deliver the deed upon payment to him of the sums claimed, except the commissions, in lieu of which he was allowed $10. The administrator appealed to the District Court, giving no bond, which court entered judgment in favor of the administrator for the costs, $25 for attorney's fee, and commissions on amount bid by Kempner. The administrator appealed, and the Court of Civil Appeals reversed and rendered the judgment in favor of the administrator for $15, the costs of the proceedings for sale, $25 attorney's fees, and commissions on amount of bid at 5 per cent, and commissions on amount bid less commissions for receiving, at 5 per cent, as money paid out. Kempner applies for a writ of error.

There was no error in refusing to dismiss the case in the District Court for want of bond. The proceeding concerned the official acts of the administrator, and he was not required to give bond.

Article 2190 positively allows to the administrator on all money *actually* received 5 per cent, and on all sums *paid away* the same per cent. The court has nothing to do with making the allowance, but the administrator can retain it in his possession.

It is claimed, that because the creditor who bid the property in did not actually pay the money to the administrator, therefore he did not *actually receive* it. The administrator had a right to demand the payment to be made to him. Rev. Stats., art. 2093. The terms of the sale were, that the money should be paid in cash. The court in its order confirming the sale directed the administrator to pay over the balance of proceeds after paying the costs of making the sale. It was not necessary for the order to specify the commissions. The court could not have ordered the administrator to pay over the money without deducting his commissions. He had a statutory right to retain his commissions.

If the administrator was willing to waive the actual delivery of the money by Kempner, he no less in contemplation of law received it and paid it out. He was responsible for its correct application, and must show it upon his account for settlement as received and paid out. It would be a narrow construction of the statute to hold, that because he did not demand its delivery that therefore in law he did not receive nor pay out that for which he was responsible as received and paid out.

If the administrator had required Kempner to pay the money he must have done so, and then have received it back from the administrator as a payment upon his debt, paying therefrom the commissions. If another had bought at the same price the same result would have followed. No injury is done to the creditor, but in fact he has simply been granted a favor by the administrator in not putting him to the inconvenience of bringing the money and paying it over.

The cases of James v. Corker, 30 Texas, 617, and Watt v. Downs, 36 Texas, 116, hold, that the administrator was not entitled to commissions in such case, but such compensation as the Probate Court might allow as reasonable. We do not believe that the ruling in those cases is a proper construction of the statute, but in fact make a rule contrary to the express provisions of the law. We can not follow them in the face of a positive statute upon the subject.

In Claridge v. Lavenburg, decided by the Court of Civil Appeals of the Fifth District, the same question was decided as in this case, and in the same way as by the Court of Civil Appeals in the present case. Upon application for writ of error this court refused the writ, on May 21, 1894. We have thought it best to express our conclusions in writing upon this application.

The application for writ of error is overruled.

*Application overruled.*

Delivered December 10, 1894.