ESTATE OF T. H. WOLF, DECEASED, v. W. H. WOLF.

Decided May 25, 1904.

**Administrator—Sale—Commissions.**

An administrator who, under order of court, has sold lands of the estate to pay indebtedness, including notes secured by lien and in suit against his intestate at the latter's death but not proven nor allowed by him except through his act in making application to sell to satisfy them, and who has settled with the purchaser, who held the notes in suit, by receiving such notes in lieu of cash on his bid, was entitled to his commission on their amount as upon cash received and paid out.

Appeal from the District Court of Burnet. Tried below before Hon. Clarence Martin.

*T. E. Hammond* and *McLean & Spears,* for appellant.

*W. H. Browning,* for appellee.

KEY, ASSOCIATE JUSTICE.—This is a probate proceeding, which originated in the County Court, and was appealed to the District Court. The matter in contest is the right of W. H. Wolf, as administrator of the estate of T. H. Wolf, to commissions claimed by him for receiving and paying out $9772.95. The court below allowed him 10 per cent commission, and certain creditors of the estate have appealed.

There is conflict in the testimony, which shows that at the time of the death of T. H. Wolf a suit was pending against him and two other defendants upon two vendor's lien notes for $3666.66 each. The lien referred to was expressly retained in the deed and notes, and the suit was for the debt and foreclosure of the lien. As between himself and the other defendants, T. H. Wolf had assumed the payment of the two notes.

After the suit was filed, and before the death of T. H. Wolf, G. M. Smith purchased the notes in suit and the vendor's interest in the land and his cause of action in the suit referred to. The notes referred to were not presented to the administrator for allowance. After the death of T. H. Wolf, W. H. Wolf, as administrator of his estate, was made a party defendant to the foreclosure suit referred to, and thereafter made application to the probate court for an order to sell the land referred to, as well as other lands belonging to the estate, for the purpose of paying the two notes and other indebtedness, which application was granted and the administrator directed to sell the lands at private sale for cash, or one-half cash and the balance on twelve months' time.

In pursuance of that order, appellee, as administrator, sold all the lands referred to to L. C. Smith for $28,750. The sale was reported to and confirmed by the probate court. In closing up the matter, Smith surrendered to the administrator the two notes referred to and receipted bills of costs in the suit mentioned, which all together amounted

to the sum of $9772.95, and paid in cash the balance of his bid, amounting to $18,977.05, and instructed appellees to make the deed to the lands to the Llano Land and Cattle Company, which was done.

Appellants contend that as the notes were never presented for allowance, and as appellee did not, literally speaking, receive the money in hand and pay it out, he is not entitled to the commissions allowed by the statute for receiving and paying out money. This contention is not believed to be sound. The only distinction between this case and Huddleston v. Kempner, 87 Texas, 372, is that here suit had been brought before the death of the debtor, and the claim was not formally presented for allowance, which was done in the case cited. In that case the court held that the administrator was entitled to his commissions, where he sold the property under order of the court for the purpose of paying the debt, although he never in fact actually received the money.

We do not think the fact that suit had been previously brought on the notes, and that they were not formally presented to the administrator and allowed by him, can have any bearing on the question of his right to the commissions allowed by the statute. In his application for an order to sell the land, appellee virtually approved the claim for the payment of which it was ordered to be sold, and the action of the probate court in granting the application and ordering the sale and in confirming the report of the sale, amounted in law to an approval of the claim by that court. In addition to the case cited above, see also Claridge v. Lavenburg, 7 Texas Civ. App., 155.

No error has been shown and the judgment is affirmed.

*Affirmed.*