# Collins, *et al. v.* Clements.

### Contest of Final Settlement.

(Decided April 19, 1917.   75 South. 165.)

1. **Executors and Administrators; Conversion of Funds; Liability.**— Where executor deposited estate funds in his private account, there was such conversion thereof as to charge him with interest on the funds so converted.

2. **Executors and Administrators; Conversion of Funds; Liability.**—Mere fact that life tenant told executor not to invest funds gave him no right to

[Collins, et al. v. Clements.]

convert them to his own use, though he was not then liable for failure to loan them.

3. **Executors and Administrators; Commissions; Discretion of Court.**— So long as executor's commission does not exceed the maximum authorized by Code 1907, § 2690, its amount is largely discretionary with the trial court.

4. **Executors and Administrators; Commissions; Discretion of Court.**— An executor who is allowed the statutory commission can have no compensation for services in management and settlement of the estate, nor per diem allowances.

APPEAL from Tuscaloosa Probate Court.

Heard before Hon. W. W. BRANDON.

Final settlement by Samuel W. Clements as executor of the will of I. L. Collins, with contest of certain items by Mrs. Malissa Collins and others. From the decree rendered, the contestants appeal. Reversed and remanded.

The contest sought to charge the executor with interest on the total sum in his hands as such, because of a commingling of the funds with his own funds, and their use by him in his individual capacity, and for failure to loan out the money. The contest further sought to strike from the credits claimed by the administrator certain expenses and lost time incurred by the executor in a trip to Montgomery, and certain other expenses for four days' time expended by the executor in making the settlement, and certain other expenses claimed in making other trips to collect money due the estate. Most of these items were allowed.

TRAWEEK & DODSON for appellants. H. A. & D. K. JONES for appellee.

ANDERSON, C. J.—(1, 2) The appellee admitted, as a witness, that he deposited certain funds, belonging to the estate, in the bank to his individual credit, and that he drew upon same for his own use on different occasions. This was such a conversion and commingling of funds as to render him liable to account for the interest on same during the period of conversion, and the trial court erred in not charging him with interest on the fund kept by him in the bank to his individual credit.—*Henderson v. Henderson*, 58 Ala. 582; 18 Cyc. 258; *Pearson v. Darrington*, 32 Ala. 227; *Ivey v. Coleman*, 42 Ala. 409; *Chancellor v. Chancellor*, 177 Ala. 44, 58 South. 423, 45 L. R. A. (N. S.) 1, Ann. Cas. 1915C, 47. It is true the appellee testified that Mrs. Collins,

the life owner, advised him not to lend the money, and this might preclude her from claiming interest had there been no conversion, as for a failure to loan same but this gave him no right to convert the fund and escape accounting for interest upon the settlement of the estate.

(3) The commission allowed does not seem to have exceeded the maximum authorized by section 2690 of the Code of 1907, and the amount allowed, so long as it was within the limit fixed by statute, was largely discretionary with the trial court.

(4) The various items to which exceptions were reserved, with the exception of expenses incurred, were for compensation for personal service in and about the management and settlement of the estate, the very thing for which he received the commission, and should not have been allowed. These items are not for special service for which he was entitled to extra compensation. If the expenses charged for certain trips were necessary and reasonable, they should be allowed as actual necessary expenses, but not as extra compensation, but to compensate the appellee for his personal services in looking after the estate, such as per diem charges for attending court while probating the will, making settlement, advising with counsel, etc., is covered by the commission provided and to allow him extra compensation for such service would operate to give him double pay for the same service.

The decree of the probate court is reversed, and the cause is remanded.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.