### RICE v. FIRST NAT. BANK OF BIRMINGHAM. (6 Div. 263.)

(Supreme Court of Alabama.   Jan. 15, 1925.)

1. Executors and administrators ⟨key⟩496(2) — Court required to reduce statutory allowance of commissions to executor where affording more than fair compensation.

While generally commissions allowed to executors and administrators, within maximum fixed by Code 1923, §§ 5923, 5924, is largely discretionary with trial court, if estate is so large, and its administration does not require extraordinary service and trouble, and allowance by trial court would afford more than fair compensation, as contemplated by law, it is duty of appellate court to reduce such allowance.

2. Executors and administrators ⟨key⟩496(2)— Allowance of commissions to executor for administration of large estate involving no extraordinary duties held excessive.

Where estate to be administered was very large and involved no extraordinary duties by executor, allowance of 2½ per cent. commissions to executor, under authority of Code 1923, §§ 5923, 5924, was excessive.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Petition of the First National Bank of Birmingham for allowance of fees as executor of the will of Brett R. Brown, deceased, and for discharge as such executor. From the decree fixing the allowance, Edward T. Rice, as guardian ad litem of Flora Thompson Brown, a minor, appeals. Corrected and affirmed. Submitted and considered under Rule 46, Supreme Court Practice, 4 Code 1923, p. 896.

Brett R. Brown died leaving a will in which the First National Bank of Birmingham, Ala., was appointed as executor. Pending the administration of the estate of said Brown in the probate court, the executor petitioned the circuit court in equity for the removal of the administration of such estate from the probate court to the circuit court in equity. This petition was granted, and thereafter the executor filed its petition in the circuit court in equity praying the appointment of a guardian ad litem to represent the interests of Flora Thompson Brown, minor daughter and heir of the testator.

---

Brown; a reference to the register to audit and examine the accounts of and to ascertain and report what would be a reasonable allowance of commissions for such executor; and that, after payment over of assets by the executor to itself as trustee (also by appointment under the will) for the use of the minor, the petitioner (appellee) be discharged as executor.

The trial court granted the prayer of the petition, ordering a reference to be held by the register and confirming the appointment of Edward T. Rice (appellant) as guardian ad litem for the minor. After hearing and examination, the register reported receipts, stocks, bonds, etc., coming into the hands of the executor, $278,163.62, disbursements of $17,847.24, and computed the commissions to be allowed at 2½ per cent. of $296,010.86, or $7,400.27. On the coming in of the register's report, the guardian ad litem filed exceptions thereto. The court by final decree overruled exceptions and approved the report, from which this appeal is prosecuted.

Edward T. Rice, of Birmingham, for appellant.

Where an estate is large, and has but few undisputed debts, its property consisting largely of stocks, bonds, or solvent securities, involving only ordinary care in the handling, the maximum commission should not be allowed. Noble v. Jackson, 124 Ala. 311, 26 So. 955; Kenan v. Graham, 135 Ala. 585, 33 So. 699; Code 1923, § 5923.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

So long as the commission awarded an executor does not exceed the maximum authorized by statute, its amount is largely discretionary with the trial court. 24 C. J. 973; Kenan v. Graham, 135 Ala. 585, 33 So. 699; Collins v. Clements, 199 Ala. 618, 75 So. 165.

PER CURIAM. [1, 2] While, as a general rule, the commissions allowed to executors and administrators, within or less than the maximum fixed by statute (Code, 1923, §§ 5923, 5924), is largely discretionary with the trial court (Collins v. Clements, 199 Ala. 618, 75 So. 165), this rule has exceptions, one of which is that if the estate is so large, and the administration of same does not require extraordinary service and trouble, the allowance by the trial court would afford more than fair compensation as contemplated by law, it is not only within the authority but is the duty of this court to correct or reduce such allowance. Noble v. Jackson, 124 Ala. 311, 26 So. 955; Kenan v. Graham, 135 Ala. 585, 33 So. 699. We are of the opinion, under the evidence which is practically undisputed, that, this being a very large estate and involving no extraordinary duties, the amount allowed the appellee by the lower court was excessive, and that $5,000 is reasonable for the labor and responsibility of the appellee. The decree of the trial court is corrected and affirmed for $5,000, without interest, and the cost of this appeal to be taxed against the appellee.

Corrected and affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.