42 So.2d 353

**ANDERSON v. McCLURE.**

7 Div. 990.

Supreme Court of Alabama.

April 14, 1949.

Rehearing Denied Oct. 27, 1949.

W. Jay Tindle, of Fort Payne, and Jackson, Rives & Pettus, of Birmingham, for appellant.

C. J. Scott and J. A. Johnson, both of Fort Payne, for appellee.

SIMPSON, Justice.

G. N. McClure was duly appointed and served for about eighteen months as administrator of the estate of L. C. Jordan, deceased, and then himself died. McClure's wife, the appellee, qualified as administrator of his estate and filed a claim for his commissions due as administrator of Jordan's estate. On a contest in the circuit court by the appellant, representing Jordan's estate, a decree was rendered adjudicating the

claim. This is an appeal from that decree, assigning error in the allowance by the court (1) of commissions on money received from the bank which was on deposit to the account of the deceased when he died and (2) of $1800 for special or extraordinary services.

We do not think either contention argued for error is sustainable.

The governing statute, omitting impertinent parts, reads:

"Administrators may be allowed commissions on all receipts by them, as may appear to the court to be a fair compensation for their trouble, risk, and responsibility, not to exceed two and one-half percent on the receipts; and the court may also allow for special or extraordinary services, such compensation as is just." Code 1940, Title 61, § 377.

■ The extent of allowances within the maximum of two and one-half per cent on receipts, as of all other allowances, is within the discretion of the court. Walsh v. Walsh, 231 Ala. 305(10), 164 So. 822; Henry v. Griffith, 242 Ala. 598, 7 So.2d 560; Collins v. Clements, 199 Ala. 618, 75 So. 165; Wright's Adm'rs v. Wilkerson, 41 Ala. 267.

■ It is to be observed that the term "receipts" as used in the statute is not limited, but the commissions allowable are on *all* receipts. There is no logical distinction to be drawn between receipts of money from a banking institution paid over to the administrator and money paid over to him by private individuals. In fact, such was the rationale of the holding in Wright's Adm'rs v. Wilkerson, supra, where it was not questioned but that all money assets of the estate legally received by the administrator are "receipts" within the meaning of the statute and on which he may be allowed commissions.

The Texas case Willis v. Harvey, Tex. Civ.App., 26 S.W.2d 288 cited by appellant to sustain the contrary view is not in point because of a statute, Vernon's Ann.Civ.St. art. 3690, which specifically excluded "cash which was on hand at the time of the death of the testator or intestate" as assets on which administrators may claim commission. Cf. Frank v. Wareheim, 177 Md. 43, 7 A.2d 186.

■ The second contention of appellant must also be rejected. The question of the allowance of additional compensation for special or extraordinary services is also within the discretion of the hearing court, having due regard to the time expended, the particular circumstances of the administration, the ends accomplished, and the character of special services rendered in the proper administration of the trust. Authorities, supra.

The determination of this matter, then, must depend on the state of the evidence and on this question the court, on a hearing ore tenus, decided:

"With regard to the extraordinary services rendered, the testimony shows that the Administrator gave his full time for a period of eighteen months to the affairs of the estate, that he kept an excellent set of books, reflecting his actions therein, and that he performed numerous other duties looking toward the settlement of cases, making trips, etc., which were beneficial to the estate. In the opinion of the Court, the law does not contemplate that an Administrator should give his full time to the Administration of the estate and do what was done in the circumstances shown here merely for the compensation allowed in the statute, Title 61, Sections 377–378. The Court is impressed that in this case there were extraordinary services rendered for which a reasonable compensation should be allowed above the statutory commissions."

$1800 was allowed on a claim of $3600.

■ This conclusion finds rational support in the evidence, was not against the great weight of the evidence, and on review here it is our duty, in such a case, to sustain the finding. Ala.Dig., Appeal and Error, ☞ 1008(1), 1009(1); Fitzpatrick v. Stringer, 200 Ala. 574, 76 So. 932; Cook v. Taylor, 235 Ala. 63, 177 So. 344.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.

662

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

All the Justices concur, except GARD-NER, C. J., and FOSTER, J., not participating.