WILSON'S HEIRS *vs.* WILSON'S ADM'R.

[FINAL SETTLEMENT OF DECEDENT'S ESTATE.]

1. *Commissions of administrator.*—An administrator is not entitled, on final settlement of his accounts, to commissions on the appraised value of slaves which are divided among the distributees ; nor is he entitled to any allowance in such case, unless it be for expenses actually and properly incurred by him, or for special services rendered by him, in relation to the division, as to which *quære?*

APPEAL from the Probate Court of Pickens.

IN the matter of the final settlement of the estate of Mrs. Elizabeth Wilson, deceased, by Wilson G. Mustin, her administrator. It was shown on said final settlement, as appears from the bill of exceptions, "that said administrator had made an annual settlement of said estate on the second Monday in June, 1856, and was then allowed by the court, in addition to commissions on the receipts and disbursements, and compensation for 'special services' rendered in attending to the farm of said intestate, the further sum of $252 87 for dividing the slaves of the estate among the distributees, that being two and a half per cent. on the appraised value of said slaves; that the

guardian *ad litem* and attorney of the distributees then objected to said allowance being made, on the ground that the administrator was only entitled by law to two and a half per cent. on the receipts, the same per cent. on the disbursements, actual expenses, and special services, and that the commissioners who made the division, and not the administrator, were entitled to compensation for the division; and that the court overruled the objection, and allowed said item. The said guardian and attorney again objected to the allowance of said item, and asked the court to re-examine its allowance on said former settlement. The court did this, and proceeded to hear argument with reference to the legality of said charge. In support of the objection to the allowance of said item, it was shown by the account-current, filed at said annual settlement, that said administrator was allowed,

'Allowance on division of the negroes,    $252 87'
'Commissions on receipts and disbursements, 107 47'
'Allowance for special services,         50 00'

"No objection was made to the 'commissions,' or to the 'allowance for special services;' but the distributees, by their guardian *ad litem* and attorney, objected to the allowance of the item for $252 87, on the ground that only the commissioners who made the division were entitled to compensation for it. The court decided to allow said charge to the administrator, and the distributees excepted."

This is the only matter now assigned as error.

REAVIS & COOK, for the appellant, cited the following cases: Claycomb v. Claycomb, 10 Grattan, 589; Shepard v. Parker, 13 Iredell, 103; Potter v. Stone, 2 Hawks, 30; Newberry v. Newberry, 28 Ala. 691.

No counsel appeared for the appellee.

RICE, C. J.—Upon authority and principle, we hold, that where the condition of the estate does not require

the sale of the slaves, and they are divided among the distributees, the administrator is not entitled to a commission upon their appraised value.—See authorities cited for appellant. We shall not decide, whether, in any case, or upon any ground, an allowance on division of the slaves among the distributees can be made to the administrator; but we think it clear, that if an allowance on such division can be made, it can be made only for expenses actually and properly incurred by him, or for special services rendered by him, in relation to the division. The allowance of the $252 87, made to the administrator in this case, "on division of the negroes," does not appear to have been made on either of these grounds, but seems to have been made upon the wrong principle, that he was entitled to commissions on the appraised value of the negroes. We therefore hold the allowance to be erroneous; and for the error in that respect, the judgment of the probate court is reversed, and the cause remanded.