## JENKINS' EXECUTOR *vs.* JENKINS.

[PARTIAL DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Commissions of executor or administrator.*—On partial distribution of a decedent's estate, the executor or administrator is not entitled to commissions on slaves which are distributed unsold.

APPEAL from the Probate Court of Talladega.

IN the matter of the estate of Wm. Jenkins, deceased, on the petition of the widow, who had dissented from the will, for her distributive share of the personal property. The only matter assigned as error in this court is "the refusal of the court below to allow the appellant [the executor] commissions, as shown in the bill of exceptions." The ruling of the court below is thus stated in the appellant's bill of exceptions: "The executor moved the court to allow him two-and-a-half per cent. commissions for receiving, and the same per cent. for disbursing, on the

sum of $48,856, or such other sum as the court may now here decree to be paid to the said widow as her distributive share. It was admitted, that the said executor had performed his trust well and faithfully. The court refused the motion, and ruled that commissions could not be allowed on any other property than money, or the representative of money; to which decision of the court the executor excepted," &c. The decree of the court shows, that this amount, $48,856, on which the executor asked the allowance of commissions, "was composed of the following items: Cash and cash notes, $16,950 25; bankstock, $7,600; negroes, $29,900; mules, $860; cattle and oxen, $305; grain, stores, &c., $2,240 75—amounting in all to $48,856."

GOLTDHWAITE & SEMPLE, for the appellant.
PARSONS & J. WHITE, *contra.*

RICE, C. J.—When the distributive share of a widow embraces slaves that have not been sold, as well as other property, the executor or administrator is not entitled to commissions on *the whole* of it. He is not entitled to commissions on slaves distributed among the distributees. Claycomb v. Claycomb, 10 Gratt. 589; Wilson v. Wilson, 30 Ala. 670; Shepard v. Parker, 13 Ired. 103; Potter v. Stone, 2 Hawks' Rep. 30; Newberry v. Newberry, 28 Ala. R. 691; Stong v. Wilkson, 14 Missouri Rep. 121; Gordon v. West, 8 New Hamp. R. 444.

That principle would have been violated by granting the motion of the executor as made in the present case. The motion as made clearly asked too much; it claimed more than the executor was entitled to; and for that reason, if for no other, the probate court was justified in overruling it.

There is no error, and the decree of the probate court is affirmed.

NOTE BY REPORTER.—This case was decided at the June term, 1858, but the opinion was accidentally mislaid, and hence was not reported in its proper place.