## 9570

### HERNDON v. CAINE *ET AL.*

#### (91 S. E. 1.)

EXECUTORS AND ADMINISTRATORS — RIGHT TO COMMISSIONS — "SALE."—
Where an executor had power under a will to manage an estate until the time for distribution and to sell property for the payment of debts, and an administrator with will annexed, appointed after the executor's death, divided the property, consisting of stocks, bonds, and real estate, among the devisees and legatees under the will in accordance with an order of the Court, authorizing him to convey the property to certain of the devisees for the prices agreed to be paid, the property having been delivered to the legatees and devisees in kind, there was no element of a sale, and the administrator was not entitled to commissions on such conveyances under Civ. Code 1912,

sec. 3653, entitling executors and administrators to commissions for money received and paid out during the continuance of their administration.

Before WILSON, J., Laurens, May, 1916. Reversed.

Action by John N. Herndon, as administrator with will annexed, of the estate of E. M. Caine, deceased, against Mrs. Rosa I. Caine and others. From a judgment of the Circuit Court, reversing a judgment of the probate Court for the defendants, defendants appeal.

*Mr. F. P. McGowan,* for appellant, cites: *As to commissions:* Civil Code, secs. 3648, 3655, 3656. *Breach of trust:* 1 S. C. 218; 18 S. C. 444. *Receipts explainable:* 1 Bailey 178; 2 McC. 320; 1 Rich. 32. *Extra compensation and expenses:* 1 McCord 1. *Delivery of specific legacies:* 4 DeS. 529. *Choses of action:* 58 S. C. 117; 13 Rich. Eq. 105; 1 DeS. 159; Harp. Eq. 126; 60 S. C. 272; 39 S. C. 253; 2 McC. 474; Harp. Eq. 176 and 223; 60 S. C. 272. *Partition of real estate:* 30 Cyc. 198, 300; 21 S. C. 375; 2 Strob. Eq. 145; 32 S. C. 160; 30 Cyc. 168. *Receipts:* 4 Abb. N. C. (N. Y.) 3117; 52 Ala. 238; Bailey Eq. 374; Civil Code, sec. 6453.

*Mr. Walter H. Powell,* also for appellant, cites: 18 Cyc. 1153; 131 Mich. 579; 22 N. J. Eq. 136; 51 Miss. 211; 10 Atl. 804; 27 S. E. 370; 17 S. E. 589; 39 S. E. 253, 136; 30 Cyc. 168, 300; 21 S. C. 375; 32 S. C. 160; 9 N. C. 32; 60 S. C. 272; 100 N. C. 254; 17 S. W. 1018; 50 S. W. 25; 36 S. E. 666; 10 Grattan 289.

*Messrs. Simpson, Cooper & Babb,* for respondent, cite: Civil Code, sec. 3653; Harper's Eq. 176 and 223; 2 McC. Ch. 473; 13 Rich. Eq. 195; 60 S. C. 291; Rice Ch. 2.

December 27, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This appeal involves the right of the plaintiff to certain commissions. Dr. E. M. Caine died on 3d of October, 1896, leaving a will wherein he appointed Frank Hammond his executor, who acted as such, until his death in January, 1914. Shortly after the executor died, John M. Herndon was appointed administrator *cum testamento annexo.*

The third, eighth and fifteenth clauses of the will are as follows:

Third. "My executor upon my death shall take charge of my whole estate, real and personal, and manage the same as in his discretion is best, making from time to time such changes in the investments as in his opinion may be advantageous to my estate, to which end I hereby authorize and empower him to make good title to any of my property, and to do any and all things necessary to give him as executor, full control and management of my property. From present prospects, it is probable that there will be on hand at the time of my death, or soon thereafter, considerable cash, coming from the insurance that I have on my life, for the benefit of my estate, and from other sources; it is not likely, therefore, to be necessary to sell any of my property or disturb any investments, for the purpose of paying anything I may owe or meeting any demands at that time. As a general rule, I would advise against disturbing investments, unless there be manifest and good reason therefor, especially as regards real estate investments."

Eighth. "I direct that my executor make a general distribution of my estate, when my youngest child attains the age of twenty-one years, giving to my wife, Rosa I. Caine—if she be then living and not having married after my death—

one-third; and to my children then living, each an equal share of the remaining two-thirds. * * *"

Fifteenth. "I am satisfied that the income from estate, will be more than enough for the support and maintenance for my wife and children, as provided for in the sixth clause of this my will, but if it should not be, I authorize my executor with prudence to make up any deficiency out of the *corpus* of my estate."

The youngest child became of age on the 20th of September, 1915; and on the 30th of October, 1915, the plaintiff filed a petition for settlement of the estate in the probate Court. Among the assets of the estate, which were in the hands of the executor, and which were received by the administrator, were certain stocks and bonds. The following statement appears in the record:

"These stocks and bonds were disposed of by the administrator, to some of the legatees at agreed valuations, aggregating $20,605.00, and were transferred by him to those respectively taking same, and the takers executed and delivered to the administrator, receipts for the amounts taken by them, a copy of one of the receipts being hereinafter set out, all of the receipts being in the same form. The receipts so executed and delivered to the administrator, included the price of the stocks and bonds, the price of the real estate, and the amount of cash received by the makers, respectively, and the amount due on notes of the maker held by the administrator."

The copy of the receipt to which reference is made is as follows: "Laurens, S. C., Oct. 20, 1915. Received from J. N. Herndon, administrator estate of E. M. Caine, fifty-eight hundred and thirty-three 33-100 dollars as a portion of my interest in estate of E. M. Caine, in general division, including check for $221.83, dated October 18, 1915. $5,833.32. Mariegene C. Garlington."

During the year 1915, the plaintiff filed a complaint in the Court of Common Pleas, in which it was alleged:

"That the said lands cannot be divided conveniently in kind amongst the devisees, without material injury to the interests of the several parties, and some of the said devisees do not desire to take any of the said real estate, on their distributive shares, and all of the said devisees desire that the said real estate be sold, the proceeds paid to the plaintiff as administrator, and divided amongst the legatees and devisees, in accordance with their respective interests, under the will of the said E. M. Caine, and the said legatees and devisees have agreed amongst themselves, as to the price at which said lands shall be sold to those agreeing to purchase the same, and said prices are reasonable and fair, and it would be to the best interest of all the parties having an interest in said estate, that the said agreement be confirmed, and the plaintiffs be permitted to sell to the legatees and devisees, agreeing to purchase the lots and parcels of land so agreed to be purchased by them."

His Honor, the Circuit Judge, granted an order:

"That the plaintiff, John N. Herndon, as administrator *cum testamento annexo,* be, and he is hereby, authorized, empowered, and directed to convey the lands described in the complaint to the parties therein described, at the prices therein agreed to be paid, and execute and deliver to the said parties deeds of said premises conveyed, upon the said parties individually complying with the terms of the purchase, by paying the purchase money agreed to be paid. (Then follows in order a description of the lands to be conveyed, the prices to be paid therefor, and the names of the parties to whom the conveyances were to be made.)"

The probate Judge ruled that the plaintiff was not entitled to commissions, for receiving and paying out the proceeds arising from the sale of the said stocks and bonds, and the real estate. On appeal to the Circuit Court, the judgment of the probate Judge was reversed, and this is an appeal from the said ruling.

The administrator claims commissions of the 5 per cent. for receiving and paying out the proceeds arising from the sale of the stocks and bonds (valued at $20,605) and from the sale of the real estate (valued at $32,856.10) under section 3653 of the Code of Laws of 1912, which provides that executors and administrators shall, for their care, trouble, and attendance in the execution of their several duties, take, receive, or retain in their custody a sum not exceeding the sum of $2.50 for every $100 which they shall receive, and the sum of $2.50 for every $100 which they shall pay away, in credits, debts, legacies, or otherwise, during the course and continuance of their managements or administration. The plaintiff contends that the transactions between him and the said parties were the same, in effect, as if he had converted the said property into money, by a sale thereof to a third party, and had actually distributed the proceeds arising from the sale among the parties entitled to them. The intention of the testator was that the real and personal property should be divided in kind, unless it was necessary to sell the same, either for the purpose of paying the debts or for reinvestment. The manner in which the plaintiff administered the estate shows, beyond question, that it was not necessary to sell either the stocks and bonds or the real estate, for said purposes, as the stocks and bonds were delivered directly to the legatees in kind, and the lands themselves were conveyed to the devisees in kind, by order of the Court.

Under the order of the Court the administrator was authorized, empowered, and directed to sell the tracts of land therein described, to the parties therein designated, and at the prices mentioned, but he did not have the power and authority under the order to sell to any person except those therein named. The order was in conformity to the express intention of the testator, and the proceedings thereunder were, in effect, a settlement of the estate, in so far as the lands were concerned. There was not a single element of

a sale, connected with the disposition of the stocks and bonds, or of the real estate. In the case of *College of Charleston* v. *Willingham,* 13 Rich. Eq. 195, the deed required the trustees to transfer and deliver to Charleston College the $160,000, in the city of Charleston 6 per cent. stocks, which by the deed had been conveyed to them. In determining whether the trustees were entitled to commissions, the Court said:

"The delivery and transfer of the city stocks, in conformity with the direction of the deed, is not a sale; there is no * * * distinguishing element of a sale in such a transaction. But if, by any latitude of interpretation, such a transfer could be embraced under the description 'sales,' what are the proceeds of such sale? These constitute the only basis for the calculation of the 5 per cent. commissions. When a sale proper is effected, the money, or the thing received in exchange for the specific article sold, constitutes the proceeds of the sale. Such a use of the term 'proceeds' is appropriate and familiar. But what was received by, or proceeded to the trustees, from the transfer of this stock? Nothing whatever. This was a mere donation, a gratuity. Of such a transaction, from its very nature, there could be no 'proceeds.' "

In the case from which we have just quoted the rule as to commissions is thus correctly stated:

"Where the legacy is of a specific thing, and to be satisfied only by the delivery of that thing in kind, commissions upon the value of such legacy are not chargeable upon the general estate even much less upon the legacy itself. * * * But wherever a demand against the estate, whether debt, legacy, or distributive share, is to be or may be satisfied * * * in money, there, if, by assent or agreement between the parties, property, choses in action, stocks, etc., are given and received as money, and at a money value, commissions are chargeable upon the payment of such debt, legacy, or share, as commissions are chargeable upon every transaction

which is substantially, though it may be not in form, the receipt and payment of money."

It was the intention of the testator that the property should be divided in kind, unless it became necessary to sell it; for the purpose of paying the debts or for reinvestment, neither of which contingencies arose.

Therefore, if the administrator had failed to divide the stocks and bonds and the lands in kind, he would have defeated the intention of the will, and such action would have been in violation of his trust.

Judgment reversed.