ADAMS, Justice.
This is an appeal from an order of the Circuit Court of Blount County awarding Maxie Mae Towns, Administratrix of the Estate of Mary Elizabeth Weston (the Ad-ministratrix), a fee of $14,218.00 for extraordinary services purportedly performed for the estate. This appeal was taken by Chris McCollum (the appellant), a distributee of the estate of Mary Elizabeth Weston.
Two courts have allowed the Administra-trix the contested fee of $14,218.00. The first award was made by the Probate Court of Blount County; appellant appealed this award to the Circuit Court of Blount County, which reduced the fee to $1,438.81, but which, after the Administratrix presented testimony concerning extraordinary services performed, reinstated the award.
Although the decedent’s estate appears to be larger than the average estate, the primary asset of the estate was a tract of real property which was sold for division during the course of the administration. The total receipts of the estate were $321,685.13. The proceeds from the sale of the property contributed $312,418.11 of this amount.
The appeal of this case presents one issue for determination. Did both the probate court, and the circuit court, erred in allowing the administratrix $14,218.00 for extraordinary services in this case? In order to fairly answer this question, we must determine the impact of two statutes on the facts of this case. The first statute, Code 1975, § 43-2-680, sets the foundation upon , which executors and administrators are provided compensation for their services in Alabama. That statute provides:
Executors and administrators may be allowed such commissions on all receipts and disbursements by them, as such, as may appear to the probate court to be a fair compensation for their trouble, risk and responsibility, not to exceed two and one-half percent on the receipts and the same percentage on the disbursements; and the court may also allow actual expenses, and, for special or extraordinary services, such compensation as is just, and such premiums as an executor or administrator may have paid a guaranty company for making his bond.
The second statute is Code 1975, § 43-2-681, and it has been said to be a limitation on the amount of compensation that can be awarded under Code 1975, § 43-2-680. Walsh v. Walsh, 231 Ala. 305, 164 So. 822 (1935). Section 43-2-681 reads as follows:
Upon the appraised value of all personal property and the amount of money and solvent notes distributed by executors or administrators, they shall be allowed the same commissions as upon disbursements. For selling lands solely for division, they shall be allowed two and one-half percent commission on the amount received, but in no case more than $100.00; except, that when sold under the terms of a will, this section shall not apply. (Emphasis added.)
What does Code 1975, § 43-2-680 mean? It means that the maximum that an executor or administrator of an estate in Alabama may receive for ordinary services is two and one-half percent of the receipts and two and one-half percent of the disbursements. Although it would appear that Code 1975, § 43-2-680, is broad enough to include receipts coming into the hands of an executor or administrator as a result of the sale of real estate, most states, and Alabama is no exception, do not allow fiduciaries commissions on real property, whether it be on the appraised value of the land, or the proceeds therefrom as a result *19 of a sale in the administration of the estate. Walsh v. Walsh, 231 Ala. 305, 164 So. 822 (1935); Kahne v. Lowe, 212 Ill.App. 242 (1918); Quaintance v. Darnell’s, 14 Ky.L.R. 238 (Ky.Super.Ct.1892); Re: O’Bannon, 142 Mo.App. 268, 126 S.W. 215 (1910); Metcalfe v. Colles, 43 N.J.Eq. 148, 10 A. 804 (1887); Re: Salomon, 252 N.Y. 381, 169 N.E. 616 (1930); Zeigler’s Appeals, 2 Sadler 351, 4 A. 837 (Pa.1886); Herndon v. Caine, 106 S.C. 230, 91 S.E. 1 (1916); 32 A.L.R.2d 769. On the other hand, this court has allowed an executor a commission on the sale of real estate where the terms of the decedent’s will expressly provided therefor and the commission allowed was consistent with the express provisions in the will. Jones v. Jones, 222 Ala. 185, 131 So. 564 (1930).
In Alabama the reason given for not allowing real estate to be used to measure the amount of a fiduciary’s fee is that real estate vests immediately in the heirs at law subject only to recapture by the administrator or executor in the event this property is needed for the payment of debts of the decedent. Therefore, the real estate not being a part of the estate, the executor or administrator has no claim on it in attempting to assess the amount of his fee award.
As far back as 1867, our legislature recognized the principle that receipts from the sale of real estate for division must be placed beyond the reach of executors and administrators in determining compensation for services, when it enacted the predecessor to Code 1975, § 43-2-681.' While recognizing that a fiduciary might be entitled to a commission on the appraised value of all personal property coming into his hands, the commission was specifically limited to two and one-half percent on the amount received as a result of a sale for division of lands but in no event more than $100.00.[1]
Because real estate cannot be used to determine a reasonable fee for the adminis-tratrix in this case, the appellant argues that the decision in the circuit court must be reversed. The appellant says that $14,-218.00 is exactly two and one-half percent of the receipts and disbursements, including the amount of money received from the sale of the real estate, and that this cannot be justified in light of this court’s pronouncement in Walsh v. Walsh, supra. In that case, this court stated:
We see no escape from the proposition that section 5924 is a limitation on section 5923; so that in computing the maximum allowance under the latter section there must be deducted the amount of the proceeds of the sale of land for division, and the commission is computed on the balance with the addition of a maximum of $100 as compensation for services in connection with that transaction. See Bynum v. Brewer, 217 Ala. 52, 114 So. 577; section 9327, Code.
231 Ala. 305 at 310, and 164 So. at 826.
Appellant says the proper fee for the administratrix is $1,438.81 if she is given the maximum fee. He arrives at this figure as follows:
Receipts:
Total Receipts $321,685.13
-Proceeds from sale for division - 312,418.11
Administratrix fee not to exceed $ 9,267.02
2-Vi% of balance:
2-⅛% of $9,267.00 = $231.67 plus $100.00 for sale of
land.
Disbursements: $44,285.82
Administratrix fee not to exceed 2-⅛% of $44,285.82
2-½% of $44,285.82 = $1,107.14
$ 331.67 +1,107.14
TOTAL PEE: $1,438.81
The administratrix counters that even conceding that Code 1975, § 43-2-681, is a limitation on Code 1975, § 43-2-680, she is still entitled to compensation for extraordinary services and she did render extraordinary services in this case. This court has said many times that the awarding of fees to administrators and executors is largely within the discretion of the trial court. Here, two courts awarded the administra- *20 trix $14,218.00. Recently, we said in Armstrong v. Alabama National Bank of Montgomery, 404 So.2d 675 (Ala.1981), that although a fee of $304,000.00 to Alabama National Bank seemed somewhat high in an estate valued at $7,469,273.92, there was not an abuse of the trial court’s discretion to award that fee, considering the loss of time, the risk and the responsibility involved. This court also upheld the trial court where it awarded no compensation in Smith v. McNaughton, 378 So.2d 703 (Ala.1979). It said:
The allowance is a matter of judicial determination, Hale v. Cox, 240 Ala. 622, 200 So. 772 (1941), and what shall be allowed below or up to the maximum limit prescribed by that section is to be determined according to the circumstances of each particular case. Kenan v. Graham, 135 Ala. 585, 33 So. 699 (1902).
378 So.2d 704-705.
This court has also said that the condition and value of the estate should be a controlling consideration in all cases. Gould v. Hays, 25 Ala. 426, 432 (1854); Clark v. Knox, 70 Ala. 607, 615 (1881); Woodruff v. Snedecor, 68 Ala. 437 (1880); Newberry v. Newberry, 28 Ala. 691 (1856). Furthermore, we have the authority and, indeed the duty, to correct the decision of the trial court by allowing for the increase in the fee or by allowing it to be reduced if there has been an abuse of its discretion. Rice v. First National Bank of Birmingham, 212 Ala. 352, 102 So. 700 (1925).
Having carefully reviewed the record concerning the administratrix’s claim for extraordinary services, we are persuaded that many of the services she claims are not extraordinary, but on the other hand, some are. For instance, the adminis-tratrix had to determine the condition, names and addresses of some 32 heirs, who were surviving nieces and nephews of the decedent and the children of a deceased nephew. Our collective experience tells us that this could have been more time consuming than articulated by the administra-trix. The trial judge was, in a better position to assess this factor. Likewise, the administratrix attended five separate hearings, the complexity of which the trial judge is in the best position to assess. There are other instances.
Turning again to the issue posed as dis-positive of this case — did the probate court as well as the circuit court err in allowing the administratrix $14,218.00 for extraordinary services in this case? Our answer is yes and no. Some of the services performed were extraordinary and some were not. Accordingly, we reverse and remand this case to determine the correct amount of the fee.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.

. In enacting this statute, the legislature recognized the unfairness wrought in Jenkins’ Ex’r v. Jenkins, 33 Ala. 731 (1859), and Wilson’s Heirs v. Wilson’s Adm’r, 30 Ala. 670 (1857), where the court refused to allow compensation to the fiduciary in the distribution of slaves.