PER CURIAM.
This is the second time this case, involving fees awarded to the administratrix of the estate of Mary Elizabeth Weston, has been before us. On the prior appeal, we reversed and remanded the case to the circuit court to determine the correct amount of the administratrix’s fee. McCollum v. Towns, 435 So.2d 17 (Ala.1983).
On remand, the trial court held a hearing and entered an order, reading in pertinent part:
“In consideration of the Supreme Court’s order reversing and remanding this case, the Court took additional testimony from the administratrix on certain aspects of her services performed on behalf of the above estate. In considera *49 tion of that testimony and in consideration of a careful review of the prior testimony in this case, as well as a careful review of the Probate Court file, and the documentary evidence presented to date to this Court, it is the finding of this Court that the administratrix Maxie Mae Towns (McDonald) faithfully performed the charge placed upon her as adminis-tratrix of this estate and in the performance of her duties did render special and extraordinary services to said estate.

“It was not the intention of this Court in its order of June 21, 1982, to characterize all of the services rendered by the administratrix as special or extraordinary. This Court did not consider the ad-ministratrix’s efforts in inventorying the property of the deceased as extraordinary, nor the administratrix’s efforts in collecting and assembling this property for public sale. Further, this Court does not consider a special or extraordinary service the efforts of the administratrix in opening a bank account, keeping account of the monies in said estate, payment of debts of the estate, including the federal estate tax, and the compiling of the final account for said estate. These are some of the normal responsibilities chargeable to the administratrix which were faithfully performed and for which this Court in its order of March 15, 1982, set aside the sum of $1,438.81 in compensation.
“However, it was the opinion of this Court in its decision of June 21, 1982, and is the opinion of this Court this date, that the administratrix did perform certain special or extraordinary services for which additional compensation was in order. Giving careful consideration to the circumstances of the administration, which, by the testimony taken before this Court and the records of the Probate Court for Blount County, Alabama, indicate that the deceased died intestate with no living children or grandchildren or lineal descendant, no living mother or father, no living brother or sister, all of the heirs at law and distributees of the deceased being nieces or nephews or their descendants. The administratrix in question is a niece of the deceased, was appointed administratrix after a hearing in which multiple petitions to administer the estate had been filed and immediately set about the task of determining and locating the heirs at law in question, many of which had not seem each other in years and some of which had never met.
“It is apparent from the records of the Probate Court for Blount County, Alabama, that the intestate had made no testamentary arrangements whatsoever regarding the nature and extent of her property, the responsibilities for accumulating and determining the same falling upon the administratrix as her natural charge. It is true that the bulk of this estate represented the sale of an eighty acre tract of property the intestate owned in fee simple. The testimony revealed that the administratrix had this property test drilled for coal after the death of the intestate and this property sold for the price of $301,000.00 for commercial coal development largely through the efforts of the administratrix.
“The Court further notes from the testimony of the administratrix and the review of the Probate Court records that the administratrix prepared for and appeared at at least five hearings before the Probate Court on matters related to the administration of this estate. Additionally, it is of note that the administra-trix continues to serve at this date in her fiduciary capacity as administratrix since the Probate Court orders required that she remain as administratrix until receipt of the Internal Revenue Service’s estate tax closing letter to represent the estate in the event additional estate taxes were required to be paid, these proceedings being appealed prior to ultimate receipt of the estate tax closing letter.
“The Court further finds from the testimony and the accounting as submitted to the Probate Court that the administra-trix through shrewd and timely investment of the estate proceeds earned the sum of $11,544.55 on the estate proceeds *50 up to the date of final settlement and date of disbursement of the funds to the heirs at law.
“This Court has attempted to give careful consideration to all of the testimony and evidence presented to this Court on the issues presented by the original appeal challenging the adminis-tratrix’s compensation. It was within the discretion of the Probate Court for Blount County, Alabama, to award additional compensation for special and extraordinary services and same was awarded. This Court considers the efforts of the administratrix in locating the heirs, her efforts in the preparation and attendance at the numerous hearings required for administration of this estate in the Probate Court for Blount County, Alabama, and her overall management of this estate to be special and extraordinary service on behalf of the state and to the benefit of the numerous heirs at law.
“Giving consideration to the time expended by the administratrix, the particular circumstances of the administration of this estate and the ends accomplished, as well as the character of the services rendered by the administratrix, it was and is the finding of this Court that Maxie Mae Towns (McDonald) is entitled to additional compensation for the special and extraordinary services she performed. Accordingly, this Court reaffirms the decision of the Probate Court for Blount County, Alabama, as the original hearing Court, and its initial finding that the administratrix was entitled to the sum of $14,218.00 for her total services on behalf of said estate. It is the finding of this Court that the said $14,-218.00 is fair compensation for the trouble, risk and responsibility of the admin-istratrix as well as the special and extraordinary services she performed for said estate.”
The determination of the amount of fees to be awarded for extraordinary services rendered in administering estates rests with the trial court. We cannot say that the trial court abused its discretion in awarding the fee in this ease, considering all of the factors involved, including the time, risk, and responsibility involved. Armstrong v. Alabama National Bank of Montgomery, 404 So.2d 675 (Ala.1981). The judgment of the trial court is, accordingly, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.