This is an action for rescission or reformation of a deed. Erma B. Mullinax sued her son Henry Mullinax for the return of 80 acres she had deeded to him and herself jointly with right of survivorship, alleging fraud or mistake, Code 1975, §35-4-153, and failure of his promise to provide her a place to live, Code 1975, § 8-9-12. The trial court held that she failed to meet her burden of proof and entered judgment for defendant.
Plaintiff is the mother of three children: two, Jack Adams and Jenell Williams, by her first marriage, and defendant by her second marriage. In 1954, her second husband, William David Mullinax, bought the subject property, which had belonged to his father, and Mr. and Mrs. Mullinax lived there until his death in 1975. At the time of trial in May 1985, Mrs. Mullinax was 74 years old and continued to live on the property. *Page 647 
In February 1984, defendant telephoned his mother to tell her that her son Jack, who lived in California, had called him and said he would fight his mother's will and keep her property tied up in probate after she died. At the time, Mrs. Mullinax had some $30,000 in joint bank accounts with her daughter and apparently had a will leaving the subject property to defendant. Defendant suggested that she execute a "survivorship deed" so Jack could not impede the transfer of the property at her death.
On February 22, 1984, defendant or his wife took plaintiff to the law offices of Wilford Lane and left her there. Plaintiff's account of the visit was that the deed was already prepared, or, as she expressed it at one point in her testimony, that Lane "just really did it in five minutes." She also testified that Lane did not discuss the transaction with her but only said, as he gave her the signed and notarized deed, "`Now Jack can't tie up your property and can't take your property.'" Lane's account at his deposition was quite different, to the effect that plaintiff told him that Jack had tried to smother her with a pillow one time to coerce her into giving him the property, that Lane had explained the ramifications of the deed to her, and that he had prepared the deed while she was in the office. The deed was typed on a short form, and Lane had the property description in his files because of his previous representation of her in an attempt to sell the property, so his testimony that he had it typed while she was there is consistent with her statement that it took a very short time.
After the deed was recorded, plaintiff apparently expressed an interest in listing the property for sale. Defendant testified that he told her he was willing to reconvey the property to her, until he received a letter from plaintiff's present counsel seeking recovery of the property. This suit followed.
After hearing the evidence without a jury, the trial court entered a final judgment that included the following:
 "The evidence in this case is, of course, in dispute. It is difficult to determine what the Plaintiff's exact motives were in making the subject conveyance based upon consideration of her testimony standing alone. It is obvious that the Plaintiff is advanced in years, has certain physical infirmities and that she has great difficulty in clearly delineating times, dates and occurrences material to the present inquiry. Therefore, her testimony must be considered and carefully weighed in light of other testimony in the case.
 "The Court has placed great emphasis on the deposition of Honorable Wilford Lane, Attorney at Law. Mr. Lane is the attorney responsible for the preparation of the deed in issue in this case. From a review of Mr. Lane's testimony, the Court is of the opinion that the Plaintiff was not operating under any undue influence or coercion on the part of the Defendant. Rather, it appears to the Court that the deed in issue in this case was signed and delivered as part of an estate plan by the Plaintiff.
 "The Court . . . notes that this is a very unfortunate circumstance. However, the Court also notes that the Plaintiff has the burden of proof and has failed to carry the same. As stated previously, there has been no adequate showing of fraud or improper coercive conduct on the part of the Defendant, and the Court finds that the Plaintiff has failed to establish that the conveyance should be voided for a failure of consideration. The Plaintiff has not established by the evidence that the conveyance was based upon a promise of future support made to her prior to the date of the conveyance, or that her actions were induced by any such promise."
Plaintiff no longer argues fraud, but she does argue that the trial court erred in denying relief either because she executed the deed under the mistaken belief that she would be able to sell the property if she wished or because defendant's promise to build a house and allow her to live there *Page 648 
rent-free was a material part of the consideration and she should be allowed to void the deed under § 8-9-12. Defendant and his wife testified that they have encouraged plaintiff to come live with them, but insisted that plaintiff did not deed the property to the defendant in consideration for such promises.
We have carefully reviewed the record and find that the judgment is not due to be reversed. Clear, convincing, and satisfactory proof is required to rescind or reform a deed either on the grounds of mistake, Jim Walter Homes, Inc. v.Phifer, 432 So.2d 1241 (Ala. 1983); Pinson v. Veach,388 So.2d 964 (Ala. 1980); Taylor v. Burns, 250 Ala. 218, 34 So.2d 5
(1948); or on the grounds that a promise to support was a material part of the consideration, Entrekin v. Entrekin,388 So.2d 931 (Ala. 1980). The trial court did not err in holding that the plaintiff did not meet her burden of proof. The judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur.