THOMPSON, Judge.
Elna Reese, the successor administrator of the estate of Carita Ward Jeck, deceased; and Barbara Burke appeal from a summary judgment entered in favor of Charlotte Harris, Jane W. Regnier, Robert I. Ward, and Chele H. Ward, Jr., in an action seeking the sale of a parcel of land and a division of the proceeds. We reverse and remand.
Ora Ward died intestate in 1992, survived by her five children; one of those five, Carita Ward Jeck, has since died. The four surviving children are the defendants in this action (they will be referred to herein as the “heirs”).
At her death, Ora Ward owned a parcel of real estate, with a house that was her residence. The probate court granted letters of administration of Ora Ward’s estate *1194 to Robert Ward. There were sufficient funds in the estate to enable Ward to satisfy all of the outstanding claims against the estate without having to sell the real property.
During the pendency of the administration proceedings, the other children of Ora Ward expressed to Robert Ward a desire to hold the real estate as tenants in common with the right of survivorship. In his capacity as administrator, Ward hired an attorney to prepare a deed to effect this purpose. The attorney prepared an administrator’s “deed of distribution,” by which Robert Ward, as administrator of the estate of Ora P. Ward, deceased, conveyed the real estate to the heirs, as joint tenants with the right of survivorship. The deed was recorded in the Probate Court of Montgomery County on October 4, 1993. Robert Ward subsequently filed a final settlement of the estate of Ora Ward.
In June 1999, Carita Ward Jeck died. She was one of the heirs of Ora Ward’s estate. She had executed a will leaving all her assets to her two children. One of Jeck’s children, her son, John Burke III, predeceased her, leaving no issue. In her will, Carita Jeck had named her son, John Burke III, as the executor of her will; she had named no successor executor. Upon Carita Jeck’s death, Barbara Burke, her daughter and sole surviving beneficiary, applied to the probate court for letters of administration with the will annexed. The court granted Burke’s application on August 13,1999.
On August 23, 1999, Barbara Burke, as administratrix of her mother’s estate, sued the heirs in the Montgomery Circuit Court, claiming that the deed Ward had executed conveying title to the real estate in joint tenancy with right of survivorship was void; Burke sought a sale of the property and a division of the proceeds. The heirs moved to dismiss the complaint, stating as grounds that Burke was not a proper party to bring the action as the adminis-tratrix of her mother’s estate because she was a convicted felon and therefore was disqualified from serving as administratrix, pursuant to Ala.Code 1975, § 43-2-290(1). The heirs stated in their motion to dismiss that they had previously filed in the probate court, where the administration of Carita Jeck’s estate was pending, a motion to disqualify and remove Burke as admin-istratrix. The trial court denied the motion to dismiss. Burke filed a motion for a summary judgment in her action against the heirs, claiming she was entitled to a judgment as a matter of law. During the pendency of these motions, Burke filed a motion to substitute herself in her individual capacity in the action in place of herself in her capacity as administratrix of her mother’s estate, stating that, acting as ad-ministratrix, she had transferred all interest her mother had had in the real estate to herself in her individual capacity. The trial court granted Burke’s motion to substitute. The heirs moved for a summary judgment and filed a response to Burke’s motion for summary judgment. In then-response, the heirs claimed that the administrator’s deed was valid and that it established title in the four heirs as joint tenants with rights of survivorship in the subject property. The heirs further claimed, in their response, that if the deed was invalid, then the trial court should reform it to reflect the intent to create a joint tenancy with right of survivorship in the heirs. The heirs attached, as exhibits to support their response, affidavits from all of the living heirs, stating their intent pertaining to the ownership of the real estate as well as the intent of the deceased heir, Carita Jeck. Burke moved to strike the affidavits as inadmissible evidence because they contained hearsay in attempting to establish the intent of Carita Jeck, who was deceased.
The trial court held a hearing and subsequently denied Burke’s motion to strike, without explanation, and entered a summary judgment in favor of the heirs. The judgment provided in pertinent part:
“Title to the real property involved in this action more specifically described as *1195 Lot 13, Block 3 according to the Plat of Sherwood Subdivision Plat No. 1 as the same appears of record in the Office of the Judge of Probate of Montgomery County, Alabama, vests in Charlotte W. Harris, Robert I. Ward, Jane W. Regnier and Chele H. Ward, Jr. as joint tenants with right of survivorship. Plaintiff has no right, title or interest to said real property.”
Elna Reese, as successor administrator, and Burke, in her individual capacity, appealed to the supreme court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975. Reese and Burke claim that the trial court erred in entering the summary judgment because, they argue, the deed executed by the administrator of Ora Ward’s estate was invalid. Reese and Burke contend that an administrator of an intestate estate lacks the capacity to unilaterally create a survivorship interest in real property among the heirs to the property; therefore, they claim the subject property passed to the heirs as tenants in common pursuant to the laws of intestate succession. As the sole beneficiary of one of the heirs to the property, Burke claims she is entitled to a )£ interest in the real estate and that she has standing to bring the action for sale of the property and a division of the proceeds.
It is well settled that in reviewing a summary judgment, the appellate court will consider the same factors the trial court considered in ruling on the motion for summary judgment. Hall v. Gaines, 613 So.2d 370, 371 (Ala.1993); Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359, 361 (Ala.1993). A summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is enti-tied to judgment as a matter of law.” Rule 56(c), Ala. R. Civ. P.
The parcel of property in dispute passed through intestate succession from Ora Ward to her heirs as tenants in common. Ruffin v. Crowell, 253 Ala. 653, 46 So.2d 218 (1950). Alabama law provides that “real estate vests immediately in the heirs at law subject only to recapture by the administrator or executor in the event that property is needed for the payment of debts of the decedent.” McCollum v. Towns, 435 So.2d 17, 19 (Ala.1983). It is undisputed that Robert Ward was able to satisfy all of the claims against Ora Ward’s estate without selling the real estate at issue now.
The heirs contend that they asked the administrator to deed the subject property to them in joint tenancy with right of survivorship. Ala.Code 1975, § 35-4-20, requires that conveyances for “the alienation of lands” be written and “signed at their foot by the contracting party or his agent having a written authority.” The deed Robert Ward executed at the heirs’ request is a written document signed by him as administrator of the estate. The deed cites Ala. Code 1975, § 43-2-843, as authority empowering Ward, as administrator of the estate, to transfer the property. Section 43-2-843 was enacted as Act No. 93-722, Ala. Acts 1993, which became effective on January 1, 1994. The deed of distribution is dated September 23, 1993, more than three months before the date on which § 43-2-843 became effective; therefore, despite the fact that the deed purports to rely on that statute as authority, that provision did not govern the deed.[1] Robert Ward, as administrator of the estate of Ora Ward at the time that he executed the deed, held no interest in the real estate to convey to the heirs.
The heirs contend that the deed should be reformed in order to make it conform to the intentions of the parties. *1196 In Alabama, “a court may exercise its equitable powers to reform a deed to make it conform to the intentions of the parties.” Clemons v. Mallett, 445 So.2d 276, 278 (Ala.1984). The heirs contend that the deed should be reformed pursuant to Ala. Code 1975, § 35 — 4—153, to correct the mutual mistake of the parties. Section 35-4-153 provides:
“When through ... a mutual mistake of the parties ..., a deed, mortgage or other conveyance does not truly express the intention of the parties, it may be revised by a court on the application of the party aggrieved so as to express that intention.... ”
Alabama caselaw provides that parties seeking reformation of a deed must show through clear and convincing evidence that all of the original parties had agreed to the same thing and that the instrument does not adequately provide for that agreement. Mullinax v. Mullinax, 495 So.2d 646 (Ala. 1986).
The five heirs of Ora Ward’s estate each held an ownership interest in the real estate when Robert Ward executed the deed. All of the living heirs have presented affidavits in which they aver that they instructed Ward to execute this document because they wished to own the property as joint tenants with right of survivorship.[2] The heirs, in their affidavits, have sought to establish Carita Jeck’s intention pertaining to the deed by attesting that she had agreed that her daughter, Barbara Burke, should be precluded from ever obtaining an ownership interest in the home.
Viewing the evidence in the light most favorable to Burke, we cannot say that she failed to demonstrate a genuine issue of material fact on the question whether the deed established title to the heirs in joint tenancy with right of survivorship. The deed does not comply with the requirements of Ala.Code 1975, § 35-4-20. Further, while it may be possible for the trial court to exercise its equitable powers to reform the deed, the record does not contain the clear and convincing evidence necessary to support the summary judgment establishing the heirs’ title as joint tenants with right of survivorship by reforming the deed.
We therefore reverse the summary judgment in favor of the heirs and remand this action for further proceedings to determine whether the deed in question can be equitably reformed. Upon remand, the trial court is instructed to conduct ore tenus proceedings to determine whether the heirs can meet their heavy burden, producing the clear and convincing evidence required to reform the deed on the grounds of mutual mistake. See Mullinax v. Mullinax, 495 So.2d at 648.
REVERSED AND REMANDED.
MONROE and CRAWLEY, JJ., concur.
YATES, J., concurs in the result.
ROBERTSON, P.J., concurs in the result only.

. Because § 43-2-843 does not apply to the deed, we do not reach the issue whether this provision would authorize the administrator of an estate to execute such a conveyance.

. The heirs claim in their affidavits that they wished to own the property as joint tenants with right of survivorship because they feared the prospect of Carita Jeck’s daughter, with a criminal history, coming into ownership of the subject property.